UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | No.: 18-15374-mdc |
| William B. Cook | : | |
| Debtor | : | Chapter 13 |

-----------------------------------------------------------------------------

| | | |
|---|---|---|
| Mark Hollingsworth | : | |
| Plaintiff | : | |
| v. | : | |
| | : | Adversary No. |
| William B. Cook | : | |
| Defendant | : | |

COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT
UNDER 11 U.S.C. § SECTION 523(a)(6)

1. This is an action in the nature of a complaint to determine dischargeability of a debt under 11 U.S.C. § 523(a)(6) which provides that "a discharge under this title does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity..."

2. Jurisdiction of this court to hear this proceeding is conferred by 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S. Code § 157 (b)(2)(I) because it is a complaint to determine dischargeability of a debt.

3. Plaintiff is Mark Hollingsworth, an individual residing at 6400 Carolina Beach Road, Suite 8-80, Wilmington, North Carolina.

4. The Defendant is debtor, William B. Cook ("Defendant"), who filed this chapter 13 bankruptcy case on August 13, 2018.

5. The court has fixed a deadline for the filing of complaints to determine

dischargeability on November 23, 2018. Accordingly, this complaint is timely.

6.  By way of background, Plaintiff filed an action against the Defendant-Debtor in the General Court of Justice, Superior Court division in the state of North Carolina, County of Hanover on May 17, 2018 (<u>Hollingsworth v. Cook</u> #18 CVS001791, the "State Court Action"), the allegations of which Plaintiff incorporates herein by reference in its entirety. A true and correct copy of this complaint is attached hereto and marked "Exhibit A."

7.  The nature of the State Court Action involves the romantic and intimate relationship between Defendnant and Plaintiff's erstwhile wife, Sara Hollingsworth. Plaintiff was married to Sara Hollingsworth in May of 2000 and they had six children between them. Among other things, in the State Court Action, Plaintiff alleged that the Defendant insinuated himself into the marital unit which, gave rise to a claim for alienation of affections. While this claim is no longer recognized in the state of Pennsylvania (*see* 23 Pa.C.S.A. § 1901(a)), it is a recognized and continues to be a viable claim in the state of North Carolina.

8.  In short, Plaintiff has alleged in the State Court Action that the Defendant's willful and malicious acts interfered with the love and affection of his wife, Sara Hollingsworth, caused her to be alienated from him and destroyed Plaintiff's happy home and marriage.

9.  Plaintiff in the State Court Action has sought compensatory and punitive damages because Defendant's conduct was willful, malicious, outrageous and has directly harmed Plaintiff.

10. Accordingly, this debt is not dischargeable under 11 U.S.C. § 523(a)(6) because it is a debt incurred by willful and malicious injury by the Defendant-Debtor to Plaintiff, Mark Hollingsworth.

WHEREFORE, Plaintiff requests that the court enter an order determining that the debt owed by the Defendant-Debtor is not dischargeable and order further relief as is just and proper.

*Respectfully submitted,*

Dated: November 23, 2018        By: _____

Jonathan H. Stanwood, Esq.
Attorney for Plaintiff
1628 J.F.K. Blvd, Suite 1000
Philadelphia, Pa 19103
(215) 569-1040
JHS@STANWOODLAW.COM