UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: William B. Cook | Case No.: 18-15374 |
| Debtor(s) | Chapter 13 |
| Mark Hollingsworth<br>Plaintiff<br>v.<br>William B. Cook | Adversary No.: 18-00275 |

## RESPONSE TO COMPAINT TO DETERMINE DISCHARGEABILITY OF A DEBT UNDER 11 USC SECTION 523(a)(6)

1. Admitted only that the instant action was filed under 11 U.S.C. § 523(a)(6). It is strenuously denied that the allegations set forth by the Plaintiff deem any debt allegedly due and owing by the Defendant nondischargaeable within the meaning of 11 U.S.C. § 523(a)(6).

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted only that the Complaint referred to in paragraph six (6) was filed. All allegations set forth in said Complaint are Denied.

7. Denied. By way of further answer, the claim for "alienation for affections" was removed from 11 U.S.C. § 523(a).

8. Denied. By way of further answer, in the case of In re Digiovanni, 446 B.R. 709, 716 (Bankr. E.D. Pa. 2011), the Honorable Judge "pointed out that the natural reading...suggests that the terms 'willful' and 'malicious' be treated as distinct elements with separate meanings."

"The Supreme Court addressed the term 'willful' for purposes of 11 U.S.C. § 523(a)(6) and concluded that the word 'willful' modifies the word 'injury.' This indicates that the exception to discharge requires a deliberate and intentional injury, not merely a deliberate or intentional act that leads to injury. In re Stage, 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005) (citing Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998)). "Under 523(a)(6), the term 'willful' encompasses 'actions taken for the specific purpose of causing an injury...'" Digiovanni, 446 B.R. at 716. Lastly, the State Court Action referred to in paragraph number eight (8) fails and continues to fail to mention or even allege that the Defendant deliberately or intentionally injured or even attempted to injure the Plaintiff in accordance with 11 U.S.C. § 523(a)(6). "As for the term 'malicious,' most courts in bankruptcy nondischargeability proceedings have construed the term to refer to injuries that are 'wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will.'" Digiovanni 446 B.R. at 716 (citing In re Coley, 433 B.R. 476, 498 (Bankr. E.D. Pa. 2010)).

9. Denied. By way of further answer Plaintiff's Complaint fails to meet the standards of 11 U.S.C. § 523(a)(6).

10. Denied. Plaintiff fails and continues to fail to show that the alleged debt was incurred with the willful intent to injure the Plaintiff.

WHEREFORE, The Debtor/Defendant requests that this Honorable Court enter an Order determining that any debt at subject to the Plaintiffs allegations be deemed dischargeable and other further relief as is just and proper.

Dated:  December 20, 2018                    /s/Brad J. Sadek, Esquire
                                             Brad J. Sadek, Esquire
                                             Sadek and Cooper
                                             1315 Walnut Street, #502
                                             The Philadelphia Building
                                             Philadelphia, PA 19107
                                             (215) 545-0008